IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DEBORAH MENDEZ,

        Plaintiff,

v.                                             CIVIL ACTION NO. 2:25-cv-00140

LOGAN GENERAL HOSPITAL, LLC,
and TAMMY SWIMS,

        Defendants.

## ORDER

This discovery matter is before the Court on the *Motion to Compel Answers to Interrogatories Nos. 10 and 12 and for Fees under Rule 37(a)(5)*, filed by Plaintiff Deborah Mendez ("Plaintiff") on August 25, 2025. (ECF No. 22). Therein, Plaintiff seeks an order compelling Defendant Logan General Hospital, LLC ("LGH") to serve responses to certain interrogatories. *See id.* LGH filed its response in opposition of the motion on September 8, 2025. (ECF No. 27). Plaintiff filed a reply on September 11, 2025. (ECF No. 28). The motion is now ripe for adjudication. For the reasons set forth herein, **IT IS ORDERED** that Plaintiff's motion be **GRANTED IN PART** and **DENIED IN PART**, as set forth below.

**I.    BACKGROUND**

Plaintiff initiated this civil action on March 4, 2025, claiming that Defendants Tammy Swims and LGH violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, by demoting and eventually terminating her employment at LGH due to

absences and scheduling issues resulting from Plaintiff's need to care for her ill husband. (ECF No. 1). According to Plaintiff, these actions constituted unlawful interference and retaliation under the FMLA. (*Id.*).

Plaintiff served her *First Set of Interrogatories* May 28, 2025. (ECF No. 12). Although LGH served its responses to the requests on July 11, 2025, and supplemented its responses on August 25, 2025, LGH maintains objections to two of Plaintiff's interrogatories, specifically Interrogatory Nos. 10 and 12. (*See* ECF Nos. 22, 27). LGH's objections stem from a fundamental dispute between the parties regarding the appropriate scope of discovery as to these requests and whether, in part, the information is protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d, *et seq*.

Plaintiff, by counsel, asserts that the parties have been unable to reach a resolution of their discovery impasse after appropriately conferring in good faith. Accordingly, Plaintiff seeks a Court order compelling LGH to respond to the interrogatories, along with attorney's fees and costs in bringing the subject motion to compel. Pursuant to the Court's operative *Scheduling Order*, discovery will conclude on January 2, 2026. (ECF No. 11).

## II.  LEGAL STANDARD

Rule 26(b)(1) sets forth the scope of discovery under the Federal Rules of Civil Procedure, providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). A party dissatisfied with the opposing party's objections to its discovery request may move for an order to compel discovery or disclosure from an opposing party, after attempting to confer with the party that submitted the incomplete response. Fed. R. Civ. P. 37(a); *Morley v. Energy Serv. of Am. Corp.*, 3:22-cv-00375, 2023

WL 5490189, at *2 (S.D.W. Va. Aug. 24, 2023) (citing Fed. R. Civ. P. 37(a)). Rule 37 of the Federal Rules of Civil Procedure governs motions for an order compelling discovery responses. The Rule provides, in relevant part: "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: [ . . . ] a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

It is well-established that the burden is upon the party resisting discovery, not on the party propounding discovery, to demonstrate *specifically* why the discovery should not be had. *See Slampak v. Nationwide Ins. Co. of Am.*, 5:18-CV-154, 2019 WL 4418806, at *7 (N.D. W. Va. Sept. 16, 2019) (explaining that a party objecting on the basis that a request is overly broad, burdensome, or seeks irrelevant information must "show specifically why responding to the request would create a burden or how the request is overly broad in relation to the claims and defenses presented in the litigation").

The Federal Rules of Civil Procedure confer "substantial discretion . . . in managing discovery" to the federal district court. *Doe v. Cabell Cty. Bd. of Educ.*, 3:21-cv-31, 2022 WL 288193, at *4 (S.D. W. Va. Jan. 31, 2022) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Resolution of motions to compel, therefore, are "generally left within the broad discretion of the District Court." *Lone Star*, 43 F.3d at 929. *See also Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

## III.   DISCUSSION

### A.   Interrogatory No. 10

Plaintiff first seeks to compel LGH to fully respond to Interrogatory No. 10, which provides as follows: "**INTERROGATORY NO. 10:** Identify all employees supervised by Defendant Swims from January 2020 to May 2024 who requested or took FMLA leave [henceforth, the "FMLA Employees"], and state whether any of those employees were demoted, disciplined, or terminated within six months of such leave." (ECF No. 27-1 at 6). LGH objected to this request, contending that "providing any information on other employees who took leave pursuant to the Family and Medical Leave Act . . . would constitute an invasion of their privacy and could potentially violate the Health Insurance Portability and Accountability Act." (*Id.*). According to Plaintiff, this request "seeks classic comparator and pattern evidence that is relevant and proportional." (ECF No. 23 at 3). Specifically, Plaintiff argues that the request is "narrow" in scope and "goes to motive, pattern, and pretext—core issues in FMLA retaliation and interference claims." (*Id.* at 3–4). LGH—focusing entirely on Plaintiff's need for "comparator" evidence—argues that the information sought "is not comparator evidence," and, thus, "its production is disproportionate to the needs of the case; it has no importance in resolving the issues, and the burden of its production would outweigh its benefit." (ECF No. 27 at 3). LGH asserts "the discovery should be barred because it is outside the scope permitted by Rule 26(b)(1)." (*Id.* (citing Fed. R. Civ. P. 26(b)(2)(C)(iii)).

Having reviewed the parties' arguments, the undersigned **FINDS** that Plaintiff is entitled to the requested information, as it concerns similar incidents of adverse employment actions against other employees within six months of taking FMLA leave— an inquiry relevant to Plaintiff's claim. "[T]the FMLA prohibits an employer from

4

'discharg[ing] or in any other manner discriminat[ing] against any individual for' exercising their FMLA rights." *Adkins v. CSX Transportation, Inc.*, 70 F.4th 785, 792 (4th Cir. 2023), *cert. denied sub nom. Baker v. CSX Transportation, Inc.*, 144 S. Ct. 825, 218 L. Ed. 2d 32 (2024) (quoting 29 U.S.C. § 2615(a)(2)); *Vannoy v. Fed. Rsrv. Bank of Richmond*, 827 F.3d 296, 304 (4th Cir. 2016) ("The FMLA provides proscriptive rights 'that protect employees from discrimination or retaliation for exercising their substantive rights under the FMLA.' ") (quoting *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 294 (4th Cir. 2009)). "To establish a prima facie retaliation claim under the FMLA, the plaintiff must demonstrate 'that he engaged in protected activity, that the employer took adverse action against him, and that the adverse action was causally connected to the plaintiff's protected activity.' " *Waag v. Sotera Def. Sols., Inc.*, 857 F.3d 179, 191 (4th Cir. 2017) (quoting *Sharif v. United Airlines, Inc.*, 841 F.3d 199, 203 (4th Cir. 2016)) (internal quotation marks omitted). "Significantly, '[u]nlike prescriptive entitlement or interference claims, employer intent here is relevant.' If the plaintiff can produce no direct evidence of intent, he can demonstrate intent by circumstantial evidence." *Id.* (internal citation omitted). As outlined by the Fourth Circuit,

> FMLA retaliation claims may rest on circumstantial evidence evaluated under the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). An FMLA plaintiff claiming retaliation "must first make a prima facie showing that he engaged in protected activity, that the employer took adverse action against him, and that the adverse action was causally connected to the plaintiff's protected activity." *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 551 (4th Cir. 2006). Once the plaintiff proffers evidence establishing his prima facie case, and the employer offers a non-retaliatory reason of the adverse action, the plaintiff "bears the burden of establishing that the employer's proffered explanation is pretext for FMLA retaliation." *Id.*

*Vannoy*, 827 F.3d at 804. " 'A plaintiff may satisfy this burden by showing either that the employer's explanation is not credible, or that the employer's decision was more likely the

result of retaliation' or discrimination." *Adkins*, 70 F.4th at 793 (quoting *Sharif v. United Airlines, Inc.*, 841 F.3d 199, 203 (4th Cir. 2016)).

Here, Plaintiff aims to show that LGH has a pattern of engaging in unlawful adverse employment actions against its employees. In order to do so, she seeks "a narrow, time-limited list of employees supervised by Swims who requested or took FMLA leave and whether an adverse action followed within six months" between January 2020 and May 2024. (ECF No. 23 at 3). The "Fourth Circuit has . . . explained that, 'for purposes of establishing a prima facie case [of FMLA retaliation], close temporal proximity between activity protected by the statute and an adverse employment action may suffice to demonstrate causation.' " *Clem v. Maryland*, No. ADC-21-1633, 2022 WL 14912707, at *4 (D. Md. 2022) (quoting *Waag v. Sotera Def. Sol., Inc.*, 857 F.3d 179, 192 (4th Cir. 2017)). It is evident, then, that Plaintiff seeks the requested information about the FMLA Employees in order to argue that LGH's termination of her employment was pretextual, namely, part of an alleged pattern or practice of taking adverse employment actions against employees taking protected leave. Whether or not Plaintiff can prove this allegation is not an issue before the Court. Rather, the relevant inquiry is whether the information sought is relevant to any party's claim or defense and proportional to the needs of the case. Here, it is. Accordingly, Plaintiff's *Motion to Compel* (ECF No. 22) is **GRANTED IN PART** as to Interrogatory No. 10.

However, the undersigned also **FINDS** that reasonable protections should be put in place to ensure that the privacy of these other employees is protected and the requirements of disclosure under HIPAA are met. The "federal courts . . . respect patients' privacy interests in their medical records and such records generally are not discoverable in a civil action if the person's medical condition is not in issue." *Walker v. Univ. Med.*

6

*Ctr.*, 2:07-cv-01528, 2009 WL 10693224, at *3 (D. Nev. Nov. 30, 2009). *See also State Farm Mut. Auto. Ins. Co. v. Kugler*, 840 F. Supp. 2d 1323, 1328 (S.D. Fla. 2011) ("Federal courts have long been mindful of preserving confidentiality of medical information"); *Martinez v. Cui*, 06-cv-40029, 2007 WL 9684162, at *5 (D. Mass. Aug. 28, 2007) (explaining that "patients have a privacy interest in their medical records and they expect that the details of their care and treatment are to remain confidential"). Thus, while HIPAA is not a bar to the discovery of patient information when an appropriate HIPAA-compliant protective order is in place, the patient's personal identifying information generally should be redacted—notwithstanding the protective order—when the patient is a nonparty whose physical condition is not at issue in the civil litigation, unless "the Plaintiff's need for the information *vis a vis* her claims" outweighs the patient's privacy interest. *See Martinez*, 2007 WL 9684162, at *5. *See also Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004). Simply put, "courts throughout the Fourth Circuit, including this Court, have recognized that where, as here, a patient is not a party to an action," redaction of all names and other personal identifying information of patients is generally appropriate. *Green v. Wilkie*, 2:18-cv-788, 2018 U.S. Dist. LEXIS 243993 (D.S.C. Oct. 19, 2018); *Holt v. Rural Health Servs., Inc.*, 1:21-cv-2802, 2023 U.S. Dist. LEXIS 234554 (D.S.C. June 21, 2023); *U.S. ex rel. Callahan v. U.S. Oncology, Inc.*, 7:00-cv-00350, 2005 U.S. Dist. LEXIS 57465 (W.D. Va. Dec. 16, 2005).

Under the present circumstances, the undersigned **FINDS** that redaction of other patients' names and personal-identifying information, in addition to the protections afforded by the parties' operative *Protective Order*, is appropriate and sufficient to protect the privacy considerations of these nonparties. Accordingly, to the extent LGH identifies responsive information that contains confidential identifying information for

the FMLA Employees, including names and contact information, LGH may redact that information from its responses. The Court encourages the parties to agree to a protocol wherein responsive documents are produced with a unique identifying number assigned for the FMLA Employees in order to balance the FMLA Employees' privacy concerns with Plaintiff's need for the information.

### B.   Interrogatory No. 12

Plaintiff next seeks to compel LGH to fully respond to Interrogatory No. 12, which provides as follows: "**INTERROGATORY NO. 12:** Explain whether Plaintiff ever requested accommodations or modifications to her schedule due to her husband's illness, and state how [LGH] responded to such requests." (ECF No. 27-1 at 7). LGH posited the following objection in response:

> Objection. This interrogatory seeks information that is irrelevant to this matter. Discovery is limited to information regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Plaintiff's Complaint alleges that Defendants unlawfully interfered with Plaintiff's rights under the FMLA or otherwise retaliated against Plaintiff for exercising her FMLA rights. Any requests for scheduling modifications or accommodations are unrelated to Plaintiff's claims. Therefore, this interrogatory seeks irrelevant information.

(*Id.* at 7–8).

In her motion, Plaintiff contends that "Defendants' assertion that such information is 'irrelevant' ignores the elements of FMLA interference and retaliation," because "[r]equests for leave or schedule flexibility to care for a spouse may constitute protected activity or, at minimum, evidence notice to the employer; the employer's response can support causation and pretext, particularly where timing is close and decisionmakers

8

know of the requests." (ECF No. 23 at 4–5). Plaintiff further argues that "temporal proximity and knowledge are relevant in assessing causation." (*Id.* at 5 (citing *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 253–55 (4th Cir. 2015); *King v. Rumsfeld*, 328 F.3d 145, 151 (4th Cir. 2003)). According to Plaintiff, the Court should compel LGH to supplement its response because the request "imposes minimal burden and targets unique, highly probative facts within Defendants' possession." (*Id.*).

In response, LGH argues that it has already "produced UNUM documents showing each time FMLA leave was requested and how LGH responded," and accordingly, it should not be compelled to respond further. (ECF No. 27 at 6). However, to the extent that Interrogatory 12 "seeks information related to schedule accommodations unrelated to [Plaintiff's] FMLA leave," LGH asserts that the requested information is "outside the scope of Rule 26(b)(1) because it is unrelated to any claim or defense asserted in this matter." (*Id.*). The undersigned finds this vague argument unconvincing, as the determination of whether or not a schedule modification was "related to" Plaintiff's FMLA leave is not at LGH's sole discretion.

The FMLA allows an employee to take up to twelve weeks of leave during a twelve-month period for a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D) (2006). "[L]eave under [§ 2612(a)(1)(D)] may be taken intermittently *or on a reduced leave schedule* when medically necessary." Id. § 2612(b)(1) (emphasis added). Applicable regulations require an employee to "provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave." 29 C.F.R. § 825.302(c). However, important for our purposes, "[t]he employee need not expressly assert rights under the FMLA or even

9


mention the FMLA, but may only state that leave is needed . . . ." *Id.* Thus, Plaintiff was not required to explicitly alert LGH that any request for a reduction in scheduled hours was related to the FMLA. And whether LGH classified it as such is irrelevant to the information's discoverability.

Having reviewed the parties' arguments, the undersigned **FINDS** that Plaintiff is entitled to the requested information and that the information sought is proportional to Plaintiff's needs. Accordingly, Plaintiff's *Motion to Compel* (ECF No. 22) is **GRANTED IN PART** as to Interrogatory No. 12.

### C. Request for Fees

Lastly, Plaintiff moves for an award of "reasonable fees and expenses incurred in preparing this motion and attempting to resolve this dispute." (ECF No. 23 at 5).

Rule 37 of the Federal Rules of Civil Procedure governs motions for an order compelling disclosure or discovery. The Rule specifies that, when a motion to compel discovery is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Generally, an award is not appropriate if the opposing party's nondisclosure, response or objection was substantially justified, such that there is a "genuine dispute . . . or if reasonable people could differ as to the appropriateness of the contested action." *Norfolk S. Ry. Co. v. Pioneer Fuel Corp.*, 5:04-cv-0770, 2005 WL 8159529, at *2 (S.D.W. Va. Oct. 7, 2005) (citing *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988)). In other words, the party resisting discovery is substantially justified "if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule." *Id.*

Upon review, the undersigned **FINDS** that the issues raised in Plaintiff's motion are among the types of issues about which reasonable people could genuinely differ. Accordingly, an award of fees and costs is not warranted under the circumstances, and Plaintiff's request for an award of fees and costs is **DENIED**.

### IV.  CONCLUSION

In light of the foregoing, **IT IS ORDERED** that Plaintiff's *Motion to Compel Answers to Interrogatories Nos. 10 and 12 and for Fees under Rule 37(a)(5)* (ECF No. 22) is hereby **GRANTED IN PART** and **DENIED IN PART**, as set forth above. LGH is hereby **ORDERED** to serve Plaintiff's counsel with supplemental responses to Plaintiff's Interrogatories Nos. 10 and 12, subject to any limitations in scope as set forth *supra*, by no later than **4:00 p.m. EST** on **Friday, October 17, 2025**. To the extent LGH identifies responsive information that contains confidential identifying information for the FMLA Employees, including names and contact information, LGH may redact that information from its responses. The Court encourages the parties to agree to a protocol wherein responsive documents are produced with a unique identifying number assigned for the FMLA Employees in order to balance the FMLA Employees' privacy concerns with Plaintiff's need for the information.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to counsel of record and to any unrepresented party.

ENTERED:  September 26, 2025

Dwane L. Tinsley
United States Magistrate Judge